**NATIONAL LABOR RELATIONS BOARD v. GREENVILLE COTTON OIL CO.**

No. 13867.

United States Court of Appeals
Fifth Circuit.

June 12, 1952.

Frederick U. Reel, Attorney, National Labor Relations Board, A. Norman Somers, Asst. General Counsel, Labor Relations Bd., D. P. Findling, Associate General Counsel, Washington, D. C., Labor Relations Bd., for petitioner.

Allen Clark, Greenville, Tex., O. B. Fisher, Paris, Tex., for respondent.

Before HUTCHESON, Chief Judge, and RUSSELL and STRUM, Circuit Judges.

HUTCHESON, Chief Judge.

Upon findings that Respondent had, within the six months' period immediately preceding the filing of the charge against it, to-wit, on June 18th, 1948, and afterwards, committed unfair labor practices, the Board

entered its decision[1] and order[2] requiring Respondent to cease and desist therefrom and dismissing the complaint insofar as it alleges, or depends upon, violations occurring before June 18, 1948.

Respondent, declining and refusing to comply with the order, the Board is hereby petition, seeking its enforcement.

Taking no issue with the findings, that it had committed unfair labor practices, Respondent insists that they were not committed within six months of the filing of the charge against it, on which it was convicted, and, therefore, the issuance of the complaint, upon which the findings were based, was precluded by the proviso to Section 10(b) of the Amended National Labor Relations Act, 29 U.S.C.A. § 160(b).[3]

As more specifically stated, this is Respondent's position: The charge, of which Respondent was found guilty, was filed not on Dec. 18, 1948, as claimed by the Board, but on January 4, 1949, and the acts complained of and found against it occurred on June 20th, more than six months before.

The Board, on its part, urges upon us that the amended charge of January 4th, referred to by respondent was but an amplification and carrying forward of the charge first filed on December 18th, and the filing of that charge stopped the running of the statute.

We agree with the Board that this is so. Further, if Respondent were right, it would avail it nothing for the evidence shows occurrences of unfair labor practices within six months of January 4th, sufficient to support the Board's findings and order.

1. 92 N. L. R. B. 1033.

2. " * * * 1. Cease and desist from basing reinstatement on the condition, express or implied, that employees humble themselves and forget American Federation of Grain Millers, A. F. L., or any other labor organization; promising employment in return for a favorable vote in a Board election; threatening loss of employment if they vote in favor of the said Union in a Board election; or in any other manner interfering with, restraining, or coercing its employees in the exercise of their right to self-organization. * * *

No ground for setting aside the Board's order being made to appear, and the evidence appearing fairly to support it, the Board's order will be enforced as entered.

"2. Take the following affirmative action, which the Board finds will effectuate the policies of the Act:
(a) Post at its Greenville, Texas, plant copies of the notice attached hereto marked Appendix A. * * *"

3. " * * * no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made. * * *"